# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00039-MR

| | |
|---|---|
| SHANNON DELANE CONRAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment. [Doc. 13].

## I.  BACKGROUND

On May 18, 2015, the Plaintiff, Shannon Conrad ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of February 7, 2014. [Transcript ("T.") at 15]. On the same date, the Plaintiff filed an application for supplemental security income under Title XVI of the Act, again alleging an onset date of February 7, 2014. [Id.]. The Plaintiff's claim was initially denied on September 14, 2015 and upon reconsideration on December 14,

2015. [Id.]. On the Plaintiff's request, a hearing was held on December 18, 2017 before an Administrative Law Judge ("ALJ"). [Id.]. On June 14, 2018, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff had not been under a disability from February 7, 2014, the alleged onset date, through June 14, 2018, the date of the decision. [Id. at 29]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1-14]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, February 7, 2014. [T. at 17]. At step two, the ALJ found that the Plaintiff has severe impairments including "arthralgias; hypertension and headaches; depressive disorder; anxiety disorder with panic attacks and agoraphobia; personality disorder; substance abuse; and post-traumatic stress disorder[.]" [Id. at 17-18]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 18-20]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 416.967(c) and 416.967(c) except she can frequently climb ramps and stairs; and can frequently stoop, kneel, and crouch. She can frequently reach, finger, and feel bilaterally. She cannot be exposed to workplace hazards. She is limited to performing simple, routine tasks in a low stress setting without production or pace requirements. She can tolerate occasional changes in the workplace setting not requiring complex decision-making. She can tolerate occasional contact with supervisors and coworkers, *but cannot have contact with the general public.*

[Id. at 20 (emphasis added)].

At step four, the ALJ identified the Plaintiff's past relevant work as food sales clerk and as a laborer. [Id. at 27]. The ALJ found that the Plaintiff is capable of performing her past work as a laborer as that work was actually performed. [Id.]. At step five, the ALJ made alternative findings based on the testimony of the VE, and concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including hand packager, laundry worker, and industrial cleaner. [Id. at 28-29]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined in the Act from February 7, 2014, the alleged onset date, through June 14, 2018, the date of the decision. [Id. at 30].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff asserts that the ALJ's opinion is not supported by substantial evidence because it relies on VE testimony given in response to an improper question from the ALJ. [Doc. 12-1 at 4-7]. Specifically, the Plaintiff argues that the ALJ asked the VE a hypothetical question that does not accurately reflect the limitations contained in the Plaintiff's RFC. [Id. at 6].

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). "As such, hypothetical questions posed to a VE must accurately set forth all of a claimant's physical and mental impairments." Small v. Astrue, No. 7:08-CV-141-FL, 2009 WL 3029737, at *14 (E.D.N.C. Sept. 22, 2009) (citing id.). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Id. (citing Pratt v. Sullivan, 956 F.2d 830, 836 (8th Cir.1992)).

At the hearing, the ALJ asked the VE to:

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

> [A]ssume an individual of the claimant's age, education and past work experience who is limited to work at the medium exertional level. That individual could lift and carry up to 50 pounds occasionally, 25 pounds frequently. She could sit, stand or walk for up to six hours each. She could frequently use ramps or stairs, and frequently balance, stoop, kneel, and crouch as well as frequently reach, handle, finger and feel. There would be no exposure to workplace hazards. And she would further be limited to simple, routine tasks, not a production pace. She would require a low stress environment to be defined as tolerating only occasional changes in the workplace setting, and no complex decision-making. Finally she could tolerate only occasional contact with supervisors and co-workers. *No regular contact with the public.* Could such an individual return to any of claimant's return to past work?

[T. at 84-85] (emphasis added). The VE responded that with such restrictions, the Plaintiff could perform her past relevant work "as the laborer for meat products was performed by her . . . but not as it's generally performed." [Id. at 85]. At step four, the ALJ found that "[a]fter reviewing all of the evidence and *the testimony of the vocational expert*, . . . the demands of the [Plaintiff's] past relevant work do not exceed her [RFC], and she is therefore able to perform her past relevant work as she actually performed it." [Id. at 28] (emphasis added).[2] The ALJ also made alternative findings at

---

[2] The ALJ never asked the VE about the availability of jobs for a claimant who could not have any contact with the public.

9

step five, relying on the VE's testimony to find that the Plaintiff could perform other positions that exist in significant numbers in the national economy. [Id. at 28-29].

The RFC adopted by the ALJ, however, plainly states that the Plaintiff "cannot have contact with the general public." [Id. at 20]. As such, the hypothetical question the ALJ asked to the VE, which allowed for irregular contact with the public, was inconsistent with the Plaintiff's RFC, which prohibited any contact with the public at all.[3] Because the ALJ based his findings at step four and step five on the VE testimony given in response to that improper question, his decision was not based on substantial evidence. See Jordan v. Berryhill, No. 5:18-CV-00114-FDW, 2019 WL 1748545, at *2 (W.D.N.C. Apr. 18, 2019) (Whitney, C.J.). For these reasons, this matter must be remanded for further proceedings.[4]

---

[3] The VE opined that the Plaintiff was unable to perform past relevant work as ordinarily performed, but only as it was previously done by the Plaintiff. [T. at 85]. The record is silent, however, as to whether the manner of the Plaintiff's prior work involved any contact with the general public. Likewise, nothing in the record explains whether the "other jobs" available to the Plaintiff involve any contact with the general public. Their titles would seem to indicate that they do, but the record is insufficient for this Court to undertake a meaningful review.

[4] In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed on remand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED** and the Defendant's Motion for Judgment for Summary Judgment [Doc. 13] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 3, 2020

Martin Reidinger
United States District Judge